**UNITED STATES**

**v.**

**Jackie E. HARPER, Jr., 304 68 2176, Private (E–1), U. S. Marine Corps.**

**NCM 78 0471.**

U. S. Navy Court of Military Review.

Sentence Adjudged 11 Nov. 1977.

Decided 29 April 1980.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

Before BAUM, PRICE and MICHEL, JJ.

PER CURIAM:

On 27 July 1978 this Court affirmed findings of guilty of a 27½ hour unauthorized absence, assault, conspiracy to commit an assault and possession of marijuana. The sentence of a suspended bad-conduct discharge, 4 months confinement, with that in excess of 73 days suspended, and forfeitures of $265 per month for 4 months was also affirmed. On 4 January 1980 the United States Court of Military Appeals, 8 M.J. 218, reversed as to the assault and conspiracy to assault charges and also reversed the sentence. The record of trial has been returned to this Court to permit the ordering of a rehearing on the reversed charges and sentence or, in our discretion, dismissal of those charges and reassessment of the sentence on the basis of the remaining findings of guilty.

Appellant now asserts for the first time an error with respect to the possession of marijuana charge. We deem the findings of guilty to that charge to be final under Article 76, Uniform Code of Military Justice, in view of the previous action taken in this case by the United States Court of Military Appeals.[1] Accordingly, consideration of the assignment of error with respect to that Charge would be outside the scope of our authority. It, therefore, will not be entertained. Appellant's other assignment

---

1. The same position was taken by this Court, in *United States v. Reed*, 1 M.J. 1114 (N.C.M.R. 1977) (*en banc*), *aff'd* 7 M.J. 387 (C.M.A.1979) (summary disposition), that because the United States Court of Military Appeals had reviewed and not set aside convictions of certain charges, those findings of guilty were final and thus could not be reviewed by this Court upon return of the case for action on the sentence.

Although cited as *United States v. Reed*, that decision by this Court also included the case of *United States v. Hedlund*. Upon further review of *Hedlund*, the Court of Military Appeals did not address our holding with respect to finality, choosing instead to affirm the decision on other grounds. *United States v. Hedlund*, 7 M.J. 271 (C.M.A.1979).

is that the sentence for the offenses remaining is excessive. We agree and will reassess the sentence accordingly.

Charges III and IV and their specifications are dismissed. Upon reassessment of the sentence in light of the remaining affirmed findings of guilty, only so much as provides for confinement at hard labor for 73 days and forfeiture of $265 per month for 4 months is affirmed.