ual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(b)(4).

**UNITED STATES, Appellee,**

v.

**Sergeant Melvin L. GIPSON, 369–64–6079, United States Army, Appellant.**

**ACMR 8700214.**

U.S. Army Court of Military Review.

13 Jan. 1988.

For Appellant: Van L. Riggins, Jr., Esquire, Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before HOLDAWAY, De GIULIO and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by general court-martial which included enlisted members. Contrary to his pleas he was found guilty of rape and two specifications of indecent assault. He was sentenced to a dishonorable discharge, confinement for ten years, forfeiture of $200.00 per month for forty months and reduction to Private E–1. The convening authority approved the sentence.

It is alleged that the military judge erred to the prejudice of appellant by failing to grant individual defense counsel a continuance to prepare and participate at trial. We disagree and affirm.

Charges against appellant were preferred on 22 and 23 July 1986. Appellant's attempt to retain civilian counsel began during the Article 32 investigation.[1] Appellant was notified of the Article 32 investigation on 6 August 1986. Sessions of the hearing were held on 25 August, 3 September, and 10 September 1986. At the 10 September hearing, apparently after all witnesses had testified, appellant requested a continuance in order to obtain civilian counsel. It was stated that civilian counsel would contact the investigating officer that afternoon. He did not. Subsequently, it was stated that civilian counsel would contact the hearing officer on 17 September 1986. Again, he did not. On 22 September 1986, detailed military counsel agreed that the investigation should be closed, stating appellant never retained civilian counsel. On 17 October 1986, charges were referred to trial by general court-martial and were served on appellant the next day. On 23 October 1986, appellant notified the military judge that he had retained civilian counsel, Mr. M. At an Article 39(a), UCMJ, session conducted on 25 November 1986, appellant appeared without Mr. M. After being advised of his right to counsel, he stated that he had not actually hired Mr. M but had been referred to Mr. A with whom he had talked "a week and a half, two weeks ago." Appellant had not informed Mr. A that the trial had been set for 4 and 5 December 1986, had not paid Mr. A, and had not employed him. Mr. A wanted to talk to detailed military defense counsel and review the file before he decided to take the case. It became apparent at this session that the problem with retaining Mr.

1. Article 32, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 832 (1982).

A was appellant's ability to pay him. Trial remained set for 4 and 5 December 1986.

At another Article 39(a) session on 1 December, appellant revealed that he had not met with Mr. A but that his employment was "still in the works." It was stated that Mr. A was interested in representing appellant provided that "he gets his fee." Appellant assured the military judge that the money was to be provided by relatives but had not yet been received. The military judge gave appellant until the next day to ensure the funds would be available to pay his civilian attorney. At an Article 39(a) session conducted the next day, appellant assured the military judge that funds were available. Another Article 39(a) session was scheduled for 8 December 1986. The military judge stated that if the accused did not appear with civilian counsel at that session, trial would proceed on 11 December with detailed military counsel representing appellant. Two Article 39(a) sessions were held on 8 December. It was disclosed that appellant had issued a personal check to Mr. A. At the last session, civilian counsel appeared and requested a thirty-day continuance in order to prepare his case. The military judge granted the request, set 12 January 1987 for motions and set 28 and 29 January 1987 for trial on the merits. On 5 January 1987, the military judge called an Article 39(a) session to inquire into a memorandum he received concerning civilian counsel's withdrawal from the case.[2] Appellant's personal check had not cleared the bank, and Mr. A was no longer interested in representing appellant. Appellant agreed to Mr. A's withdrawal from the case. Appellant stated he had financial problems but wanted to retain another lawyer. He did state that if a request for another continuance was denied he was satisfied with detailed counsel.

On 12 January 1987, a defense motion *in limine* was litigated. Detailed military counsel represented appellant during this session. On 28 January 1987, the date set for trial on the merits, appellant appeared with Mr. R, civilian counsel. Civilian counsel indicated that he had been retained on 27 January 1987 by appellant to represent him. He stated that he had not been paid but would represent appellant in any event. He moved for a continuance until 2 March 1987 to prepare the case. The prosecution opposed the delay indicating appellant's prior attempts to retain civilian counsel and the long delays caused by his attempts. The military judge ascertained detailed counsel was ready to defend the case. He denied the motion, citing the repeated delays at appellant's request in order to retain civilian counsel. At Mr. R's request, he was permitted to withdraw from the case. Trial proceeded with detailed military counsel representing appellant.

▮ The right to counsel of choice is not absolute and must be balanced against society's interest in the efficient and expeditious administration of justice. *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed. 2d 610 (1983). In order to represent appellant, counsel of choice indicated a continuance was necessary. The decision of whether a continuance should be granted rests within the sound discretion of the military judge and will not be overturned except for clear abuse of that discretion. *United States v. Menoken*, 14 M.J. 10 (C.M.A.1982). The long history of delays exhibits the military judge's great patience in his attempts to accommodate appellant in his choice of representation. *See United States v. Thomas*, 22 M.J. 57, 59 (C.M.A. 1986). Considering the facts of this case, we hold that there was no abrogation of appellant's right to be represented by civilian counsel and no abuse of discretion in denying the motion for continuance.

▮ Even assuming that the denial of the continuance was erroneous, in order for appellant to obtain relief, the error must have resulted in prejudice to him. *See United States v. Potter*, 33 C.M.R. 330

---

2. We note that the military judge clearly advised appellant that Mr. A, who had entered an appearance, would be required to represent him if appellant so desired. Appellant elected to permit Mr. A to withdraw from the case. This circumstance further demonstrated that appellant was afforded ample opportunity to obtain civilian counsel of his choice and is a factor in our determination that there was not abrogation of his right to counsel.

(C.M.A.1963); *see also* Article 59(a), UCMJ, 10 U.S.C. § 859(a). In the case before us, the military judge was satisfied that detailed counsel was prepared to proceed to trial. We are satisfied that appellant was well represented by detailed counsel and that no harmful consequences resulted from the denial. *See United States v. Kinard,* 45 C.M.R. 74, 80 (C.M.A.1972). The assignment of error and the issue personally specified by appellant are without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.