UNITED STATES

v.

**Technical Sergeant Bobby E. JONES,
FR 244–88–9867, United States
Air Force.**

**ACM S28166.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 June 1989.

Decided 25 April 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Terry M. Petrie and Major Paul H. Blackwell, Jr.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION

**LEONARD, Judge:**

In a vigorously litigated trial, appellant was convicted of wrongful use of hashish on divers occasions and sentenced to a bad conduct discharge and reduction to airman basic.' On appeal, he asserts five errors—three dealing with the findings portion of his case and two concerning the presentencing case. We find merit in two of his assertions and order a rehearing on sentence. Because of our resolution of an error in the presentencing case, we will address errors concerning the findings first.

### I

The first allegation of error is that the military judge improperly allowed the trial counsel to introduce, through a prosecution rebuttal witness, specific instances of dishonesty to attack a defense witness' character for truthfulness.

The government's case against appellant consisted of the testimony of two OSI informants who stated they had seen the appellant use hashish on a number of occasions. Both these individuals stated that a Mr. Gaylor was present and participated in some of the uses of hashish. To counter this evidence, the defense called Gaylor. He testified that he was a friend of the appellant, to his knowledge appellant was not involved with illegal drugs, and there had never been any hashish used at any time when he, the appellant, and either one of the informants had been together.

On cross-examination, the trial counsel questioned Gaylor thoroughly about his friendship with appellant, the fact he was fired from his government job and barred from the base because of allegations of drug use,'his poor work performance before being fired, and incidents of Gaylor's use and possession of illegal drugs. The trial counsel also tried to demonstrate that Gaylor was a biased witness because he had been accused of drug abuse by the same witnesses who had testified against appellant. Gaylor denied drug use, poor work performance, and bias. He admitted

he was a friend of appellant's, but denied he was lying on appellant's behalf. During the cross-examination concerning poor job performance, Gaylor was asked about a particular incident where he allegedly lied to his supervisor about taking a lunch break on a trip with a government vehicle to another base. He admitted taking the lunch break and denied lying about it.

In rebuttal, over defense objection, the trial counsel called a Lieutenant Burkel to testify that Gaylor lied about the incident of taking a lunch break on the trip to the other base. She testified that she had asked Gaylor if he had made any unscheduled stops and he replied that he had not. However, when she confronted him with the fact that he had an Army and Air Force Exchange Service (AAFES) bag in his possession, he admitted he had stopped for lunch. She also testified that this was his first trip of this type and she did not believe that anyone had told him he was not authorized to stop for lunch.

The appellant's position is that Burkel's testimony was evidence of a specific instance of conduct that could not be proved by extrinsic evidence under Mil.R. Evid. 608(b). In the government's view, Burkel's testimony was related to a supposed motive of Gaylor to get even with the government for unjustly firing him and therefore was evidence of bias permitted under Mil.R.Evid. 608(c). As an alternative theory, the government asserts that the testimony was admissible to rebut Gaylor's general denial of poor job performance because it served to "explain, repel, counteract or disprove" evidence introduced by the opposing party. We find both the government theories wrong.

It is well settled that specific instances of conduct of a witness may not be proved by extrinsic evidence if the conduct is offered for the purpose of attacking the credibility of the witness. Mil.R.Evid. 608(b); Fed.R.Evid. 608(b); IIIA Wigmore, *Evidence* section 981 (Chadbourn rev. 1970). Although extrinsic evidence of bias may be introduced, the theory of bias that supports the introduction of the evidence must not be so tenuous as to be collateral

to the trial. *United States v. Hunter*, 21 M.J. 240 (C.M.A.1986); *United States v. Gonzalez*, 16 M.J. 423 (C.M.A.1983).

In appellant's case, we are unable to find any relationship between the fact that Gaylor might have initially denied making a stop for lunch on one trip and bias on Gaylor's part to testify falsely. It is clear from Burkel's testimony that this was a very minor incident and probably more the result of a misunderstanding than a deliberate lie. There was no evidence that this incident had anything to do with Gaylor's later dismissal from his job. As we read the record, it is clear that trial counsel introduced the evidence in an attempt to attack Gaylor's credibility by trying to put before the members extrinsic evidence that Gaylor had lied about something.

Further, the government cannot avoid the prohibition of Mil.R.Evid. 608(b) by maintaining that the evidence was merely offered to "explain, repel, counteract or disprove" evidence introduced by the opposing party. First, the evidence the government was seeking to explain or disprove was not brought out by the defense on direct examination of Gaylor, but was elicited by the trial counsel on cross-examination. Second, the cases relied upon by the government all deal with the general theory of rebuttal evidence and do not apply to cases where the evidence in question is extrinsic evidence of misconduct by a witness that was inquired into on cross-examination.

■ Although we find that the military judge erred in allowing trial counsel to produce the testimony of Lieutenant Burkel, we find the error was not prejudicial under the circumstances of appellant's case. At the worst, this testimony showed that Gaylor initially denied taking a lunch break and later admitted doing so. Further, Gaylor's version of the incident was almost the same as Burkel's. The only difference was a disagreement as to whether Gaylor had an AAFES bag in his hand when he returned. In view of the vigorous cross examination of Gaylor on his drug use and possession, his friendship with appellant, and his motives for getting even

with the government; the erroneously admitted evidence from Burkel was insignificant and harmless to appellant. *United States v. Barnes*, 8 M.J. 115 (C.M.A.1979).

II

The second error we address is whether the military judge erroneously sustained trial counsel's objection to the introduction by the defense of a negative result on a urinalysis test that appellant had taken on 14 March 1989. We find no error in the military judge's ruling.

■ Appellant was charged and found guilty of wrongful use of hashish on divers occasions between on or about 1 February 1988 and 30 September 1988. A negative urinalysis result on a sample taken in March 1989 was not during the period of charged drug use and is not relevant to show a "tendency to cast doubt" on appellant's hashish use during the charged period. *United States v. Farrar*, 25 M.J. 856 (A.F.C.M.R.1988); *United States v. Johnson*, 20 M.J. 610 (A.F.C.M.R.1985).

III

The third error we address is whether the military judge correctly refused to give an instruction regarding the credibility of informants. The instruction requested by the defense was one that termed informant testimony to be of "questionable integrity" to be considered with "great caution and care." The proposed instruction also advised that an accused could not be convicted on the "uncorroborated testimony of an informant if that testimony is self-contradicotry (sic), uncertain, or improbable."

■ When the trial defense counsel was unable to cite any authority to support his instruction, the military judge declined to give it. We agree with the military judge's position that the instruction on credibility of witnesses contained at paragraph 7–7 of Department of the Army Pamphlet 27–9, *Military Judges' Benchbook* (Feb 1989) adequately addressed the issue of credibility of the witnesses who testified at appellant's trial. Although there is some authority to support giving an instruction,

similar to that requested, with respect to accomplice testimony; we are unaware of any requirement to so instruct with respect to informant testimony. *See United States v. Lee*, 6 M.J. 96 (C.M.A.1978); *United States v. Moore*, 8 M.J. 738 (A.F.C.M.R. 1980), *aff'd*, 10 M.J. 405 (C.M.A.1981); R.C.M. 918(c) Discussion.

## IV

The next asserted error we address is that trial counsel made an improper comment in sentencing argument that appellant should not be considered for rehabilitation because he had failed to admit his guilt.

█ The government maintains that pointing out appellant's lack of acknowledgement of guilt in sentencing argument was a fair comment on the state of the evidence and in support cites *United States v. Johnson*, 1 M.J. 213 (C.M.A.1975). The government is wrong. The *Johnson* case stands for just the opposite of their proposition. In that case, Senior Judge Ferguson condemned sentencing argument comment on the accused's failure to admit guilt as failure to take the first step towards rehabilitation with the following statement:

> Such comments as those we now condemn convey the intolerable unspoken message that it is proper to punish an accused who has put the prosecution to the test, not just for the crime itself, but also for so inconveniencing the Government.

*Johnson*, 1 M.J. at 215.

No relief was necessary for the error in *Johnson* because the military judge recognized the problem and gave a cautionary instruction that cured the prejudicial effects of the improper comments. 1 M.J. at 216. In appellant's case, there were no objections to the comment and the military judge did not recognize the problem and give a curative instruction.

█ Failure to object to error in sentencing argument before the military judge begins to instruct the members on sentencing will waive the error unless it amounts to plain error. *United States v. McPhaul*, 22 M.J. 808 (A.C.M.R.1986), *pet. denied* 23 M.J. 266 (C.M.A.1986); R.C.M. 1001(g). In order to constitute plain error, the error must be obvious and substantial and it must have had an unfair prejudicial impact on the members' deliberations. *United States v. Fisher*, 21 M.J. 327 (C.M.A.1986).

The error in sentencing argument in appellant's case was obvious and substantial. Senior Judge Ferguson pointed out in *Johnson* that an accused has a fundamental right to plead not guilty, a plea of not guilty is simply an exercise of an absolute constitutional protection, and improper comment on this right is "intolerable." 1 M.J. at 215; *Cf. United States v. Chaves*, 28 M.J. 691 (A.F.C.M.R.1988) (military judge's instruction including lack of remorse as aggravating factor); *United States v. Rogan*, 19 M.J. 646 (A.F.C.M.R. 1984) (post-trial review recommending against rehabilitation because of failure to admit guilt). The unfair prejudicial impact on the member's deliberations on sentence is self-evident. Appellant's case was intensely litigated and involved five days of trial. At the time of his trial, appellant was a technical sergeant with over 17 years of good service. Further, the court members were aware that the case came to trial as the result of appellant refusing Article 15, UCMJ, punishment. Allowing the court members to deliberate on sentence with an impression that they could consider the fact appellant had not admitted guilt as evidence he was not rehabilitated would certainly unfairly impact upon their consideration of whether a punitive discharge was appropriate. Therefore, we set aside appellant's sentence and order a rehearing on sentence.

## V

The remaining error asserted by appellant is that the military judge improperly instructed the members during sentencing instructions concerning matters of aggravation. Our resolution of the preceding error renders this issue moot and we need not address it. However, one other aspect of appellant's case warrants comment.

In reviewing appellant's case, we noted that appellant's offense was committed pri-

or to the commencement of his current enlistment. This fact was apparently overlooked by the parties at trial and no inquiry or findings concerning personal jurisdiction were made by the military judge. To resolve this matter, we issued an order to show cause why the findings and sentence should not be dismissed for lack of personal jurisdiction. In response, the government provided a copy of appellant's reenlistment contract and an affidavit from the custodian of appellant's personnel records establishing that personal jurisdiction continued because appellant was discharged for the sole purpose of immediate reenlistment and was reenlisted without any interruption in service. *See United States v. Clardy*, 13 M.J. 308 (C.M.A.1982).

Although military judges are no longer required to inquire into subject matter jurisdiction, they should not neglect the matter of personal jurisdiction. In most guilty plea cases, military judges include an inquiry into personal jurisdiction as part of their providency inquiry. We endorse this practice and recommend that military judges be aware that the problem of personal jurisdiction may also arise in cases where a not guilty plea is entered. If it does arise, this issue may be easily resolved with a stipulation of fact or by including a copy of the accused's reenlistment contract as an appellant exhibit. If the matter is not addressed at trial, it is not waived and findings and sentence may be set aside on appeal or appellate processing delayed to resolve the issue. R.C.M. 905(e).

We have examined the record of trial, the assignments of error and the government's reply. The findings of guilty are correct in law and fact and are affirmed. Having found error which materially prejudiced the substantial rights of the appellant, the sentence is set aside. A rehearing on sentence may be held.

Senior Judge FORAY and Judge MURDOCK concur.