UNITED STATES

v.

Airman William STANDIFER, Jr., FR 412–33–0708, United States Air Force.

ACM 28685.

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 May 1990.

Decided 19 Sept. 1990.

Appellate Counsel for the Appellant: Major Ronald G. Morgan and Major George P. Clark.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Major Brenda J. Hollis and Captain James C. Sinwell.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## DECISION

LEONARD, Senior Judge:

In a trial before a military judge alone, appellant was convicted of one wrongful use of cocaine. The sentence adjudged and approved was a bad conduct discharge, confinement for seven months, and reduction to airman basic. Appellant asserts that his sentence should be set aside because trial counsel made an improper sentencing argument. In the alternative, he asserts his sentence is inappropriately severe. We disagree with both assertions.

The alleged improper argument came after the appellant had pleaded not guilty and contested the question of his guilt. He testified in his own defense during findings, but did not testify or offer an unsworn statement during sentencing.

■ Trial counsel's sentencing argument included the following:

> The accused came in here and tried to sell that story to the court. We all know what happened, he wrongfully used cocaine. This elaborate set of lies that he set out to show with Evelyn Washington clearly shows he hasn't accepted responsibility for his actions. He hasn't taken that first step toward rehabilitation.
>
> This man needs significant time, a significant punishment, to come to terms with what he did. He hasn't taken that step. It may take him a while to figure out what he did was wrong and to face up to what he did ...
>
> \* \* \* \* \* \*
>
> This guy is a guy who has shown you he'll come in here and lie to try and get out of trouble. He hasn't faced up to what he did.

Such argument is alleged to be improper because it conveys the impression that an accused who has pleaded not guilty must thereafter admit his guilt to qualify for rehabilitation consideration. *United States v. Johnson*, 1 M.J. 213, 214 (C.M.A.1975); *United States v. Jones*, 30 M.J. 898, 901 (A.F.C.M.R.1990).

The government maintains that trial counsel's argument was properly permitted

as a "mendacious accused" argument. *United States v. Warren*, 13 M.J. 278 (C.M. A.1982). *Warren* allows trial counsel to comment on an accused's false testimony in his own defense as an indication of that accused's rehabilitation potential. 13 M.J. at 284.

■ Viewing the trial counsel's argument in its entirety, we find that the argument was directed towards the appellant's testimony on findings and not his failure to come forward and admit guilt during sentencing. However, we note that by using words such as "hasn't accepted responsibility for his actions" and "hasn't faced up to what he did" trial counsel passed dangerously close to impermissible argument. Court members could well interpret the thrust of such argument to be directed at an accused's failure to admit guilt. Since appellant's trial was conducted before an experienced military judge sitting alone, we do not find that danger of misinterpretation present in this case. We strongly caution trial counsel to choose their words carefully when making a "mendacious accused" argument to insure that they do not slip over the line into a forbidden comment on an accused's failure to admit guilt.

■ Appellant also asserts that his sentence is inappropriately severe. After considering the facts and circumstances of the offense of which appellant was convicted and the entire record, we find his sentence to be appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

After examining the record of trial, the assignment of errors and the government's reply, we conclude that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Judges RIVES and McLAUTHLIN concur.