**UNITED STATES**

v.

**Technical Sergeant Bobby E. JONES, FR 244–88–9867, United States Air Force.**

**ACM S28166 (reh).**

U.S. Air Force Court of Military Review.

Sentence Adjudged Upon Rehearing 28 June 1990.

Decided 19 Nov. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport; Major Brenda J. Hollis and Major Paul H. Blackwell, Jr.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## DECISION UPON REHEARING

LEONARD, Senior Judge:

In our first consideration of appellant's case we affirmed findings of guilty to the offense of wrongful use of hashish; however, because of improper trial counsel sentencing argument, we set aside his sentence. *United States v. Jones*, 30 M.J. 898 (A.F.C.M.R.1990). A rehearing on sentence has been held and the case is before us again with appellant asserting two errors. We find no merit in either assertion.

■ First, appellant maintains that the military judge erred in refusing to give a defense instruction * that members would be allowed to reconsider the prior court's findings of guilty before announcing their decision as to a sentence. We find that the military judge was correct. R.C.M. 924(a) provides:

Members may reconsider any finding *reached by them* at any time before announcement of the sentence. (Emphasis added).

The findings trial defense counsel asked to be reconsidered were not rendered by the members who would preside over appellant's sentence rehearing. They had been rendered earlier by an entirely different set of court members. The members presiding over the rehearing would not have heard the testimony and observed the evidence presented on findings at the earlier trial. They would not be in a position to reconsider fairly appellant's findings, and

the military judge was not required by R.C.M. 924(a) to allow them to do so.

■ Further, appellant's findings of guilty had already been found correct in law and fact and affirmed by this court. 30 M.J. at 902. Once such findings have been so affirmed, they are no longer subject to reconsideration. *See United States v. Harper*, 10 M.J. 729 (N.C.M.R.1980).

■ Second, appellant asserts the military judge erred in refusing to instruct members that confinement could not be imposed if a bad conduct discharge was deemed inappropriate. To support this instruction, appellant's trial defense counsel cited *Waller v. Swift*, 30 M.J. 139 (C.M.A. 1990). In *Waller*, a convening authority's commutation of a bad conduct discharge to twelve months confinement was determined to be an improper exercise of commutation powers because it was clear from the record of trial that the accused and his counsel did not view confinement as a lesser punishment than a punitive discharge. *Id.* at 145.

Appellant's rationale for this assertion of error is that the provisions for commutations and limits on sentences during rehearings are similar in that they do not allow the commuted sentence or newly adjudged sentence to be more severe than the sentence originally adjudged. *See* R.C.M. 810(d) and R.C.M. 1107(d)(1) Discussion. Therefore, appellant maintains that the holding of *Waller* should preclude rehearing court members from substituting confinement for an originally adjudged punitive discharge, if the accused states at the rehearing that he considers confinement to be more severe than a punitive discharge. Appellant's originally adjudged sentence was a reduction to E–1 and a bad conduct discharge. In appellant's motion for the instruction, he represented that, under his present circumstances, he viewed confine-

---

* Appellant asked for this instruction before electing to have his sentence determined by a military judge sitting alone. When the military judge refused to give the requested instructions, appellant made his election, but stated on the record that he would have elected sentencing before members if the military judge had agreed to give either of the requested instructions. Under these circumstances, we do not find waiver of the instructional issues by the subsequent election for trial by military judge alone.

ment as a more severe form of punishment than a bad conduct discharge.

The military judge denied appellant's request for such an instruction. In so doing, he relied upon *United States v. Smith*, 12 U.S.C.M.A. 595, 31 C.M.R. 181 (1961) and stated that he would instruct the court members in line with *Smith*. In *Smith*, Judge Ferguson quoted an earlier decision in which the court addressed the identical issue raised by appellant, as follows:

> ... Suffice it to say that the issue before us is not the distinction between mitigation and commutation, and its consideration of whether one punishment is different in kind from that of another, but whether there are legal punishments less severe than a bad conduct discharge which can be adjudged by a court-martial on a rehearing. In the latter connection, the Uniform Code does not limit the court to the imposition of such punishment as is necessarily included within the original sentence; it requires only that the sentence adjudged on rehearing be not more severe than, or in excess of, that originally imposed.

*United States v. Kelly*, 5 U.S.C.M.A. 259, 17 C.M.R. 259, 262 (1954).

In *Smith*, court members were involved in a rehearing where the accused had been originally sentenced to a bad conduct discharge and reduction to E–1. Judge Ferguson's opinion found proper an instruction that informed the court members that lesser punishments, in lieu of a punitive discharge, included confinement, hard labor without confinement, restriction, forfeitures, and a reprimand as long as the court members determined, as reasonable persons, that any punishment substituted in lieu of a bad conduct discharge was, in fact, of a lesser degree of severity than a bad conduct discharge. 31 C.M.R. at 182.

Further, the discussion following R.C.M. 810(d) explains the limit on sentences adjudged upon rehearings as follows:

> In adjudging a sentence not in excess of or more severe than one imposed previously, a court-martial is not limited to adjudging the same or a lesser amount of the same type of punishment formerly adjudged.

Therefore, we find that the military judge's reliance on the *Smith* case was proper. He correctly refused to give an instruction that would have prohibited court-members, in a rehearing on sentence, from adjudging confinement in lieu of the bad conduct discharge adjudged at appellant's original trial.

We have examined the record of trial, the assignment of errors, and the government's reply and have concluded that the sentence upon rehearing is correct in law and fact and appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the sentence is

AFFIRMED.

Judges RIVES and McLAUTHLIN concur.