**UNITED STATES, Appellee,**

v.

**Iby HAMPTON, Jr., Private First Class, U.S. Army, Appellant.**

**No. 65,472.**
**CM 8902596.**

U.S. Court of Military Appeals.

Submitted Feb. 21, 1991.

Decided Aug. 9, 1991.

For Appellant: *Colonel Robert B. Kirby, Lieutenant Colonel Russell S. Estey, Captain Alan M. Boyd, Captain Robin N. Swope* (on brief).

For Appellee: *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Marcus A. Brinks, Captain Timothy J. Saviano* (on brief); *Major Maria C. Fernandez.*

*Opinion of the Court*

COX, Judge:

Contrary to appellant's pleas, a general court-martial including enlisted members convicted him of one specification each of assault with intent to commit rape and obstruction of justice, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The court-martial sentenced appellant to confinement for 3 years, total forfeitures, reduction to Private (E–1), and a bad-conduct discharge. The convening authority approved the sentence, and the Court of Military Review affirmed the findings and sentence in a short-form opinion.

After considering appellant's petition for grant of review, we specified the following issue:

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING CIVILIAN DEFENSE COUNSEL'S TRIAL MOTION TO EXCLUDE THE VIDEOTAPE DEPOSITION OF ... [THE VICTIM].

Finding no error, we affirm.

The offense occurred while appellant and the victim were residing in the home of appellant's father, a career soldier sta-

tioned in Germany. The victim, a German national, was engaged to her host's wife's nephew and was awaiting a visa to allow her to travel to Fort Eustis, Virginia, to be married. She did not report the incident at the time, partly out of fear that her visa application would be delayed.

Shortly after her arrival at Fort Eustis, she told her husband of the attack, and he, in turn, notified the Criminal Investigation Command. Charges were preferred, and an Article 32, UCMJ, 10 USC § 832, investigation commenced on February 22, 1989. The investigating officer found the victim to be unavailable because she was pregnant and not in Europe. He then considered statements she had given to the criminal investigators.

About 3 weeks later, on March 15, the convening authority ordered a videotape deposition of the victim based on the same reasons. The following day the case was referred to trial. Appellant had retained civilian counsel on March 13. Counsel was present at an Article 39(a), UCMJ, 10 USC § 839(a), session held for the purpose of arraignment on March 29, 1989. In addition to arraigning appellant, the military judge set the trial date of April 24. Civilian counsel acknowledged that the deposition was to occur and that appellant would be represented by Captain Krull, the detailed defense counsel. Appellant and Captain Krull flew to Fort Eustis 2 days later for the deposition.

Prior to the scheduled trial date, civilian counsel moved to exclude the deposition. At a motion hearing, the parties stipulated that: (1) at the deposition, detailed counsel "did cross-examine" the victim; (2) the Government had issued invitational travel orders to her prior to the trial; (3) the victim was unable to travel to the trial because of her pregnancy; (4) the victim's baby was due between April 28 and May 5, 1989; and (5) for medical reasons the victim would not be able to return to Europe

prior to June 15, 1989. In light of these facts, the military judge continued the trial to allow her to be present.

The victim ultimately refused to travel to Europe and declined her invitational orders. Trial counsel contacted her concerning her willingness to testify in person. She specifically told him that she would not return.

By the time trial resumed, Captain Krull had been released from active duty. Civilian counsel was then appellant's sole attorney. He again moved to exclude the deposition, arguing that appellant had the right to confront the witness at trial. The military judge denied the motion, played the videotape for the members, and entered a transcript of the deposition into the record.[*]

▮ Appellant argues that the military judge erred in finding the victim unavailable. However, it is clear that she would not comply with repeated requests to return to Germany to testify. The military judge had no means to compel her appearance. *See United States v. Crockett*, 21 MJ 423 (CMA), *cert. denied*, 479 U.S. 835, 107 S.Ct. 130, 93 L.Ed.2d 74 (1986); *accord United States v. Bennett*, 12 MJ 463 (CMA 1982). Thus, the victim was unavailable for trial. Mil.R.Evid. 804(a)(5), Manual for Courts–Martial, United States, 1984; *see* Art. 49(d), UCMJ, 10 USC § 849(d); *but see United States v. Davis*, 19 USCMA 217, 41 CMR (1970); *cf. United States v. Cokeley*, 22 MJ 225 (CMA 1986). Under these circumstances, the pretrial deposition was admissible.

▮ Appellant's argument that, under the Status of Forces Agreement (SOFA) between the United States and the Federal Republic of Germany [cited in *United States v. Stokes*, 12 MJ 229, 231 (CMA 1982)], the assistance of the Host Nation should have been sought to compel the victim's appearance is also without merit. The SOFA does encourage cooperation be-

---

[*] At trial, civilian counsel argued, in effect, that the deposition could not be used because he personally did not examine the victim. While it is not necessary that we answer this argument to resolve this case, we do not believe that he was correct. If this rationale were adopted, an accused could delay a trial indefinitely by simply changing counsel following the taking of a deposition.

tween the Host Nation and the military justice system, but we are not aware of any procedure whereby the German government could force one of its nationals to travel to another country to testify at a court-martial convened by United States authorities. *Cf. United States v. Cordero*, 22 MJ 216, 220 (CMA 1986). Further, appellant points to nothing in the SOFA that would support this proposition.

We are satisfied that the military judge did not abuse his discretion when he ruled that the victim was not available to testify at trial.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.