UNITED STATES

v.

Airman Basic David L. WEBBER,
FR544–88–2638, United States
Air Force.

ACM 30744.

U.S. Air Force Court of Criminal Appeals

Sentence Adjudged 14 May 1993.

Decided 14 June 1995.

Appellate Counsel for Appellant: Colonel Jay L. Cohen, Lieutenant Colonel Frank J. Spinner, Captain Robert E. Watson, and Captain Robert K. Coit.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Colonel Thomas E. Schlegel, and Major John H. Kongable.

Before DIXON, PEARSON, and SCHREIER, Appellate Military Judges.

## OPINION OF THE COURT

SCHREIER, Judge:

Pursuant to mixed pleas, members convicted appellant of dereliction of duty, larceny of $60,000, and numerous bad check offenses. Articles 92, 121, and 134, UCMJ, 10 U.S.C. §§ 892, 921, and 934 (1988). The approved sentence is a dishonorable discharge, confinement for 10 years, and total forfeitures. Appellant asserts four errors concerning the admission of a deposition, failure to grant a challenge for cause, factual sufficiency of the finding of guilty to larceny, and sentence severity. We will discuss only those alleged errors pertaining to the admissibility of the deposition and the sufficiency of proof of the dollar amount of the larceny. Finding no prejudicial error, we affirm.

## FACTS

Appellant was the Custodian of Postal Effects (COPE) at the Iraklion Air Station (AS), Greece, post office. He was responsible for receiving the cash which postal customers paid for money orders, preparing a daily report, depositing the money in the bank, and obtaining a cashier's check or American Express money order to pay the United States Postal Service (USPS) for the money orders issued.

The Air Force initiated an audit when the USPS reported it was missing payments from Iraklion AS for money orders it paid. The auditors discovered tens of thousands of dollars in undeposited funds in appellant's safe, the postal clerk's safe, and a third safe known as the registry vault. A criminal investigation ensued. The investigation revealed over $67,000 was missing. The postal clerk, Airman Mumford, admitted to stealing about $4,900 and was subsequently convicted at a court-martial. The postmaster, SSgt D, denied taking any money, but received an Article 15 for dereliction of duty and was discharged with an Under Other Than Honorable Conditions discharge about two months before appellant's trial.

Appellant pled guilty by exceptions and substitutions to stealing $30,000, but was convicted of the theft of $60,000, as charged. The government introduced evidence of the audit and other evidence concerning appellant's expensive lifestyle and purchases over the time frame when the deposits were not made.

## ADMISSION OF DEPOSITION

SSgt D, the postmaster, returned to the United States following his administrative discharge. The record of trial indicates that he initially intended to return to Iraklion AS for the May 12th trial, but subsequently declined because of his recently acquired civilian employment. Therefore, on May 4, 1993, the convening authority approved the request for his deposition in the United States. Appellant's counsel was aware of the scheduling of the deposition about this same time, but the record is unclear when appellant received written notice of the scheduling of the deposition.

After appellant's attempt to quash the deposition failed, appellant and one of his counsel planned to attend the May 8th deposition. The government provided plane tickets and made billeting reservations for appellant and his counsel. However, literally hours before the plane was to take off for the five-day temporary duty (TDY), appellant discovered that the Joint Federal Travel Regulations (JFTR) did not authorize per diem for the travel. The government was exploring the possibility of an advance payment or a subsequent reimbursement from the commander's operation and maintenance funds when appellant and his counsel refused to attend the deposition. Appellant claimed he was without funds to make the trip as his bank accounts were closed and the majority of his military pay was being withheld pursuant to a military pay order to cover his bad checks.

Trial defense counsel indicated that appellant's presence was necessary to adequately confront the witness and, therefore, he did not ask the local area defense counsel (ADC) to attend the deposition on appellant's behalf to ask questions. He also stated that he could not attend the deposition and fully participate in the trial scheduled to convene just a few days after his return. During trial, defense counsel indicated that he was unaware of the government's concession that it would ask for a delay in the proceedings to compensate for any jetlag experienced by appellant or his counsel. The deposition was initially scheduled for Saturday, May 8th, but when the defense did not travel, it was held on Friday, May 7th, to avoid overtime pay for the court reporter.

Both at trial and before this Court, appellant argues that the deposition was inadmissible because appellant had insufficient notice of the scheduling of the deposition and good cause prevented his appearance at it. *See* R.C.M. 702(e) and (g)(1)(A). The military judge specifically found that the advanced pay issue was not fully developed because the defense made a determination not to go before all options had been explored. Second, he found that the potential scheduling impact of the TDY to attend the deposition and the pending trial date was not an impediment to defense attending the deposition because the

defense would have been entitled to a delay for preparation if requested. Finally, he ruled that admission of the deposition was not precluded because it was moved up one day. In sum, the military judge concluded that appellant and his counsel waived their attendance at the deposition.

■ Appellate courts apply an abuse of discretion standard in determining whether a military judge has abused his or her broad discretion in admitting a deposition. *United States v. Hampton*, 33 M.J. 21, 23 (C.M.A. 1991). R.C.M. 702(g)(1)(A) provides that an accused has the right to be present at a deposition except when "the accused, absent good cause, fails to appear after notice of time and place of deposition...." The Rules specifically indicate that the parties do not have a right to be present at a written deposition. R.C.M. 702(g)(2)(B).

■ Initially, we find that appellant had sufficient, albeit short, oral notice concerning the timing of the deposition. Additionally, even though R.C.M. 702(e) requires written notice of the scheduling of a deposition, we find no prejudice to appellant under the circumstances of this case when appellant's counsel knew the timing of the deposition, the parties were actively pursuing travel arrangements for appellant and his counsel, and trial defense counsel never requested a delay in the deposition for preparation or travel purposes. Article 59(a), UCMJ, 10 U.S.C. § 859(a); *see United States v. Marsh*, 35 M.J. 505, 508–09 (A.F.C.M.R.1992).

■ The parties frame the issue as whether appellant's financial status and apparent lack of entitlement to advance travel pay provided good cause for his failure to attend the deposition. However, we agree with the conclusion of the military judge that appellant decided not to attend the deposition before all options had been fully resolved, and therefore, voluntarily and intentionally waived his attendance at the deposition.

We further note that trial defense counsel did not request that the deposition be delayed to explore other options concerning appellant's attendance and financial status; ask a local ADC to participate on appellant's behalf; ask permission to submit written interrogatories to the witness by treating this as a written deposition (*see* R.C.M. 702(G)(2)(c)); independently attend the deposition; nor request that trial be delayed for additional preparation time if he attended the deposition without his client. We find that these actions further evidence a conscious intent by both appellant and his counsel to waive attendance at the deposition.

■ Counsel cannot complain of a wrong and then sit back and do nothing to remedy the situation. *United States v. Chuculate*, 5 M.J. 143 (C.M.A.1978) (an accused who was denied the presence of a witness at an Article 32 hearing must move to take that witness's testimony by deposition); *see also United States v. Roberts*, 10 M.J. 308, 311 (C.M.A.1981); *United States v. Marrie*, 39 M.J. 993, 998 (A.F.C.M.R.1994). While these cases focus on the presence of a witness at an Article 32 hearing, we have no problem extending the general principle to depositions. Counsel must take whatever measures are necessary to preserve the issue or we will view their failure to attend the deposition as waiver.

■ Moreover, even if we were to find that appellant did not knowingly waive his attendance at the deposition, the circumstances of this case do not provide good cause justifying appellant's failure to attend. The government fulfilled its responsibilities in making timely travel arrangements. The appellant was not entitled to per diem under the JFTR. Additionally, there is absolutely no evidence that the government, knowing appellant's financial status, manipulated the scheduling of this deposition in an effort to prevent appellant's attendance.

■ While we are sympathetic to appellant's perceived inability to attend the deposition, his lack of funds was the result of his own misconduct and not the fault of the government. Just as financial inability, which is due to the fault of an individual, is not a defense to refusal or failure to perform a duty (R.C.M. 916(i)), we find that financial inability, which is due to the fault of the appellant, does not provide good cause for failing to attend a deposition.

The good cause standard is a strict standard requiring more than inconvenience to accused or counsel, or a strategic desire by counsel to have the accused present to confront a witness during live testimony. If an accused or trial defense counsel fails to attend a deposition, he does so at his peril. We do not believe that due process or appellant's right to confront the witnesses against him require the government to do more than it did in this case. There was no error in the military judge's decision to admit SSgt D's deposition.

## FACTUAL SUFFICIENCY OF LARCENY SPECIFICATION

Appellant argues that the evidence is factually insufficient to sustain this finding because others had access to the money order account and the government's evidence of an expensive lifestyle does not prove how much appellant stole or where the funds came from that he spent. The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the members of this court are themselves convinced of appellant's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 324–5 (C.M.A. 1987).

We are mindful of the fact that others may have had access to the safes where the missing money was kept and the fact that the government could not demonstrate how much appellant spent or the source of his money. The difficulty in this case arises from the fact that appellant pled guilty to taking an amount lower than the total amount of missing funds. The defense now suggests the government must prove appellant spent $60,000, and eliminate outside sources of income before convicting him of the greater sum.

We will not bite on appellant's argument and require the government to account for appellant's spending. The government introduced evidence of appellant's extravagant lifestyle and numerous purchases far in excess of his military pay. Additionally, Airman Mumford admitted taking only $4900 and SSgt D denied taking any funds. An Air Force Office of Special Investigations agent indicated that a review of the lifestyle and financial records of Airman Mumford and SSgt D did not reveal any excessive spending or extravagant purchases other than those admitted to by Airman Mumford. The members had the opportunity to observe the credibility of the witnesses with the exception of SSgt D who testified by deposition. We further note that the military judge's instructions clearly informed the members that the government must prove the amount of the theft beyond a reasonable doubt; as well as indicating that the members could find appellant guilty of any lesser amount.

The members of the court-martial heard the evidence and instructions and convicted appellant of the greater amount. We are also convinced of appellant's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. at 324–5.

We have considered appellant's other assignments of error and resolve them against appellant. The military judge did not err in failing to grant a challenge for cause against one member based on a sentencing predisposition and expertise in the financial area. R.C.M. 912(f)(1)(N); *United States v. McLaren*, 38 M.J. 112 (C.M.A.1993), *cert. denied* —— U.S. ——, 114 S.Ct. 1056, 127 L.Ed.2d 377 (1994); *United States v. Carns*, 27 M.J. 820, 823 (A.C.M.R.1988) (concurring opinion of Chief Judge Holdaway). The sentence is not inappropriately severe considering appellant's theft from his duty section, his prior disciplinary record, and those factors argued by appellant. *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982).

We conclude the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant occurred. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Chief Judge DIXON and Judge PEARSON concur.