OPINION OF THE COURT UPON RECONSIDERATION
SCHLEGEL, Senior Judge:
Our original opinion in this case was unpublished (ACM 32840, 19 October 1999). On our own motion, pursuant to Rule 7-1 (a) of our Internal Rules, we elected to reconsider that opinion, and it was withdrawn pursuant to our order issued on 18 November 1999.
Contrary to his pleas, appellant was convicted by members of rape and wrongfully possessing alcohol while under 21 years of age in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934. He was sentenced to a bad-conduct discharge and confinement for 3 years and 6 months. The convening authority reduced the confinement to 24 months but otherwise approved the sentence as adjudged. The appellant challenges the factual sufficiency of the finding of guilty of rape and the decision to allow testimony about his character for truthfulness. He also challenges the military judge’s failure to admit the results of his polygraph, but this issue has been resolved adversely to the appellant. United States v. Scheffer, 523 U.S. 303, 308-09,118 S.Ct. 1261,140 L.Ed.2d 413 (1998). Finding no error, we affirm.
I. Admission of the Opinion on the Appellant’s Character for Truthfulness
One of the investigators who interviewed the appellant was called as a witness by the prosecution. He testified about the appellant’s statements to him. During cross-examination the appellant attempted to demonstrate that his statements were consistent and by implication more worthy of belief *733 than the victim. Thereafter, the military judge, over a timely objection by trial defense counsel, permitted the appellant’s first sergeant to offer his opinion of the appellant’s character for truthfulness. A military judge has broad discretion to make rulings on the admission or exclusion of evidence. United States v. Garcia, 44 M.J. 27, 31 (1996). Therefore, our standard of review for this issue is abuse of discretion.
a. Admissibility of the Opinion
The appellant argues this opinion evidence should not have been admitted under Mil.R.Evid. 806 because admissions under Mil.R.Evid. 801(d)(2)(A) are not covered by Mil.R.Evid. 806. He also contends the witness was not qualified to offer the opinion.
Mil.R.Evid. 801(d) provides that a statement is not hearsay if it is an:
(2) Admission by party-opponent. The statement is offered against a party and is (A) the party’s own statement in either the party’s individual or representative capacity.....
Mil.R.Evid. 806 provides in part,
When a hearsay statement, or a statement defined in Mil.R.Evid. 801(d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness.
The appellant’s argument initially appears to have merit because subsections (A) and (B) of Mil.R.Evid. 801(d)(2), like their Federal counterparts, are not addressed by Rule 806. Therefore, it would appear that a party’s own statement or adopted statement, once admitted under the rule, could not be attacked. However, anytime a party opponent’s statement is entered into evidence, the finder of fact must determine the proponent’s credibility. Thus, excluding attacks on the speaker’s credibility simply because Rule 806 fails to list it appears unreasonable. Unfortunately, we have found no cases from the service courts or our senior court that address this exact issue. However, Mil.R.Evid. 806 is taken from the Federal Rule without change. Drafter’s Analysis, Manual for Courts-Martial, United States, A22-55 (1995 ed.). “In the absence of any indication that the drafters’ intent was, nonetheless, for a different meaning and application, the same requirement should be ascribed to the military rule as to the federal rule.” United States v. Sutton, 42 M.J. 355, 357 (1995) (Wiss, J., concurring) (citing United States v. Powell, 22 M.J. 141, 143 (C.M.A.1986)); S. Saltzburg, et al., Military Rules of Evidence Manual 843 (3d ed.1991). Two federal circuits have rejected the argument now raised by the appellant because it is contrary to the intent of Rule 806.
In United States v. Velasco, 953 F.2d 1467, 1473 (7th Cir.1992), where the identical argument was made, the court, in footnote 5, said,
Although the quoted language does not specifically include statements defined in 801(d)(2)(A), the rule under which Garcia-Caban’s statement came in, Rule 806 is not inapplicable: “The committee considered it unnecessary to include statements contained in rule 801(d)(2)(A) and (B) — the statement by the party-opponent himself or the statement of which he has manifested his adoption — because the credibility of the party-opponent is always subject to an attack on his credibility [sic].” Notes Of The Committee On The Judiciary, S. REP. No. 1277, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 7051, 7069 n.28 (emphasis added).
The Seventh Circuit reaffirmed this holding in United States v. Dent, 984 F.2d 1453,1460 (7th Cir.1993). The First Circuit adopted this view in United States v. Shay, 57 F.3d 126,132 (1st Cir.1995).
We discern no reason to apply Mil.R.Evid. 801 and 806 any differently. Sutton, 42 M.J. at 357 (Wiss, J., concurring). Although the appellant’s statements were admitted through the testimony of a prosecution witness, his defense counsel sought to show that those various statements were consistent and entitled to more weight than the victim’s varying accounts. Therefore, the military judge did not abuse his discretion in allowing the prosecution to offer opinion testimony about the appellant’s character for truthfulness.
*734 b. Foundation for the Opinion
The appellant’s former first sergeant at the 338th Training Squadron was called by the prosecution to provide testimony on a variety of matters, including his opinion of the appellant’s character for truthfulness. The appellant had been assigned to the squadron for about one month prior to the rape and the first sergeant had no significant contact with him during that period. However, after the rape, the appellant received two Article 15s for minor disciplinary infractions. One of these infractions involved the appellant’s lying to his supervisor about an appointment with his reserve/guard liaison.[1] The appellant objected and the military judge heard the witness’ testimony in an Article 39a, UCMJ, session. The military judge ruled,
MJ: Okay, I believe that constitutes adequate foundation for forming an opinion as to character for truthfulness. Truthfulness is one of those virtues, which can essentially be surrendered only once before people can form an adverse opinion as to that individual. So, in that sense, there is adequate basis presented in the form of foundation for the opinion, and I’ll let you proceed with the members on that, Captain Kinslow, but I’ll caution you to narrowly confine the witness’ testimony to explaining that he has had certain contacts with the accused and, based upon those contacts with the accused, he has formed an opinion and then relating what his opinion is.
ATC: Yes, sir.
MJ: Then it’s up to the defense, to the extent to which they wish to cross-examine on that subject, and they can certainly pin it down to the fact that it’s based upon one explanation of the accused’s whereabouts at the time he was supposed to be at a detail if they wish. Do you understand that, Captain Tait?
ADC: Yes, sir.
Although the first sergeant tried to embellish the basis for his opinion in front of the members, the military judge gave a curative instruction to them when the trial resumed the next day and during instructions on findings that left no doubt the opinion was based upon the single incident of lying to the supervisor. The appellant complains that this single incident of lying did not provide the first sergeant with an adequate foundation to express an opinion about his character for truthfulness.
“To lay a proper foundation for opinion evidence, the proponent must show that the character witness personally knows the witness and is acquainted with the witness well enough to have had an opportunity to form an opinion of the witness’ character for truthfulness.” United States v. Toro, 37 M.J. 313, 317 (C.M.A.1993). “Opinion evidence differs from reputation evidence as to its foundational requirements. The witness need not be a member of the community or unit to have known appellant long enough to have formed an opinion as to his character____” United States v. Breeding, 44 M.J. 345, 350 (1996). There can be no dispute that the first sergeant “personally” knew the appellant. The only issue is whether he was “acquainted” with the appellant well enough to have formed an opinion as to his character for truthfulness.
The appellant has cited three cases in support of his argument that the first sergeant did not have a sufficient contact with him to form an opinion about character for truthfulness. All three, however, are distinguishable from the case sub judice. In United States v. Perner, 14 M.J. 181, 184-85 (C.M.A.1982), our superior court held that a psychiatric technician who saw the accused’s wife professionally on three occasions did not enjoy a sufficiently close relationship to express an opinion as to untruthfulness because his opinion was based upon her “erratic, basically immature, unpredictable” personality which did “not necessarily support his opinions as to her credibility____” Id. at 185. Therefore, the nature of the witness’ contact with the witness that formed the basis for his opinion was the crucial factor in the court’s decision, not the number of contacts. Here, the first sergeant’s opinion was based on the appellant’s actual lack of truthfulness and not a hypothesis about truthfulness based upon *735 personality traits. See United States v. Dimberio, 52 M.J. 550 (A.F.Ct.Crim.App. 1999).
In United States v. Dotson, 799 F.2d 189, 193 (5th Cir.1986), the accused, a convicted felon, was found guilty of three counts of receiving firearms. In rebuttal to the defense of necessity, the prosecution called four government agents who conducted the investigation against the accused to testify that, in their opinion, the accused and his supporting witnesses were untruthful. The court found that only one of the four agents had a sufficient basis to offer an opinion about truthfulness and that the other agents’ opinions amounted to nothing more than bare assertions. The court, in reversing the conviction, held that a witness’ opinion must be “rationally based on the perception of the witness and [ ] be helpful to the jury in determining the fact of credibility,” and if the opinion does not meet this criteria, “it should not become a part of the proof in the case.” Id. at 193. The testimony of the appellant’s first sergeant was more than speculation because it was based upon his personal knowledge of the appellant’s false statement relating to his military duties.
Finally, the appellant cites Wilson v. City of Chicago, 6 F.3d 1233 (7th Cir.1993), but this case is not the talisman he suggests. In Wilson, the plaintiff brought a civil rights action against police officers and the city of Chicago. The trial judge excluded the testimony of a British journalist called by the plaintiff concerning the credibility of a key defense witness. While the court found that the journalist had a sufficient basis to testify from both personal opinion and reputation in the community that the defense witness had a bad character for truthfulness, it also found he could not base his opinion on the fact that the defense witness provided him with two pieces of false gossip about a cousin of the Queen of England. Gossip by its very definition is inherently unreliable and speculative in nature. However, the first sergeant’s opinion was not based on idle talk or rumor. Instead, it was based on the appellant’s he.
In Wilson, Chief Judge Posner wrote that one or two lies do not amount to a character for untruthfulness. If appellant’s view of Wilson is correct for our purposes, the rhetorical question then becomes how many lies are enough? We believe the proper context in which to analyze this issue is that, in evaluating whether a witness is qualified to offer an opinion about an individual’s truthfulness, it is not the number of lies which the witness has knowledge the individual has told but rather the nature of the falsehood that is crucial. Does the lie constitute a violation of the law? Does the lie involve a significant or trivial matter? Was the he offered before or after an event? How recent is the lie? In short, lying about one’s weight is not as significant as lying about complying with applicable technical guidance when reinstalling a jet engine. In military society, however, individuals assigned together on short notice and for short periods of time must rely on each other while performing hazardous duties. The simple truth of this reality is that a single he can have a disproportionate impact on a person, unit, or mission.
In reviewing the facts here, the evidence demonstrates that the first sergeant’s opinion was based on his personal knowledge that the appehant hed to his supervisor, not speculation. The he involved the appellant’s military duties and was a distinct offense under the UCMJ. The appehant hed to his supervisor beforehand, in order to avoid duty. The he occurred after the appehant was already under investigation for rape. Under these circumstances, we find the first sergeant was qualified to offer an opinion concerning the appellant’s character for truthfulness. The appehant emphasized to the members that the opinion was based on a single incident. Although the military judge made it clear to the appehant that he was free to explore the incident with the witness during cross-examination, the appehant elected not to probe the matter further. The members were free to attach whatever weight they deemed appropriate to the opinion. This was appropriate and not an abuse of discretion. Further, even if it was error to admit this opinion evidence, the appellant was not prejudiced because the evidence of his guilt was overwhelming.
*736 II. Factual Sufficiency of the Evidence of Rape
The appellant claims the evidence is factually insufficient because it proves the victim consented to sexual intercourse with him. In reviewing findings for factual sufficiency, our standard of review is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we ourselves are convinced of the appellant’s guilt beyond a reasonable doubt. United States v. Turner, 25 M.J. 324, 325 (C.M.A.1987). We must find, beyond a reasonable doubt, proof of every element and fact of the charged offense. We do not require that the evidence be free from conflict. United States v. Lips, 22 M.J. 679, 684 (A.F.C.M.R.1986).
Our review of the record convinces us, beyond a reasonable doubt, that appellant’s asserted belief that the victim consented was not honest and reasonable. United States v. True, 41 M.J. 424 (1995); United States v. Mathai, 34 M.J. 33 (C.M.A.1992); United States v. Palmer, 33 M.J. 7 (C.M.A.1991); United States v. Langley, 33 M.J. 278 (C.M.A.1991). We are convinced that the evidence is factually sufficient to sustain the appellant’s conviction for rape. Article 66(c), UCMJ, 10 U.S.C. § 866(c).
Accordingly, the findings and the sentence are
AFFIRMED.
Chief Judge SNYDER and Senior Judge SENANDER[2] concur.

. The military judge did not permit the witness to refer to the Article 15 in front of the members.

. Senior Judge Senander participated in this case prior to his retirement.