**UNITED STATES, Appellee,**

v.

**Specialist Steven H. DIETER, 107–60–5360, United States Army, Appellant.**

**ARMY 9400810.**

U.S. Army Court of Criminal Appeals.

15 June 1995.

For Appellant: Captain Christopher W. Royer, JAGC (argued), Colonel Stephen D. Smith, JAGC (on brief). Major Michael A. Egan, JAGC.

For Appellee: Captain Kenneth G. Wilson, JAGC (argued), Colonel John M. Smith, JAGC, Major Lyle D. Jentzer, JAGC, Captain Michael E. Mulligan, JAGC (on brief).

Before GRAVELLE, JOHNSTON, and MOGRIDGE, Appellate Military Judges.

OPINION OF THE COURT

GRAVELLE, Senior Judge:

Contrary to his plea, the appellant was convicted by a special court-martial consisting of officer and enlisted members of possession of 29.7 grams of marijuana in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, forfeiture of $555.00 pay per month for six months, and reduction to Private E1.

The appellant asserts two errors, only one of which requires discussion:

THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING THE DEFENSE OBJECTION TO PROSECUTION EXHIBIT 1, THE DEPOSITION OF SPECIAL AGENT DAVID P. GAREY.

We hold that the military judge abused his discretion in permitting the use of the deposition in this case.[1]

### I. Facts

The appellant and another soldier named White traveled in the appellant's automobile from Vilseck, Germany, to Amsterdam, in the Netherlands. In Amsterdam, the appellant purchased marijuana and was apprehended at the Emmerich border crossing point by German customs police upon the soldiers' return to Germany. The German police turned the two soldiers over to American military police who drove them "home" to Vilseck. When questioned by Criminal Investigation Command (CID) Special Agent (SA) Garey at Vilseck, the appellant waived his rights and made an incriminating oral statement to SA Garey.

Five days prior to trial, the government deposed SA Garey in the presence of the appellant and his defense counsel, utilizing the procedures authorized by Rule for Courts–Martial 702.[2] At the deposition pro-

---

1. We need not address the appellant's remaining assignment of error because of our holding.

2. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 702 [hereinafter R.C.M.] 702.

ceeding, SA Garey described his questioning procedure of the appellant and the appellant's oral admissions. The appellant's oral admissions concerning the drugs found in his automobile were substantially as follows: "This is for personal use; I have no intention of distributing; it's mine; White knew it was for my personal use; none of it was White's."

At trial, the defense counsel made a timely objection to the deposition, asserting that the deponent was not unavailable to testify at trial. Over the defense counsel's objection, the military judge permitted the deposed testimony of SA Garey.

The military judge's decision to admit the deposed testimony of SA Garey came after he ruled the agent was "unavailable" to testify. The judge based his determination of Garey's unavailability at the time of trial on the following: (1) the government had tried to rearrange the trial schedule to have Garey present, but no judges were available; (2) Garey was located over 100 miles away;[3] (3) the government would be required to reschedule German witnesses; and, (4) Garey's wife was undergoing surgery on 18–19 May at Brunssum, Belgium. In support of this last reason, the government produced a cursory letter from the wife's doctor saying that Garey "should be in the clinic when his wife comes out of surgery." The trial took place at Vilseck on 19–20 May.

Based on the deposed testimony of Garey and on the testimony of several police witnesses and the appellant, the military judge denied the motion to suppress the oral admissions.

Following the motions hearing, the trial counsel and defense counsel agreed to redact certain portions of the deposition, which they agreed were inadmissible on the merits. In addition, the defense counsel successfully objected to other portions of the deposition prior to its reading to the members on the merits.

During the sentencing proceeding, an additional part of the deposition was read to the members by the trial counsel without objection by the defense counsel.

## II. Law

Article 49, UCMJ, permits the use of depositions at courts-martial so long as they are otherwise admissible under the rules of evidence. The use of depositions, however, is not unlimited. Article 49(d) permits the use of depositions, inter alia, if the witness "resides or is ... beyond 100 miles from the place of trial or hearing"; or the witness "by reason of death, age, sickness, bodily infirmity, imprisonment, military necessity, non-amenability to process, or other reasonable cause, is unable or refuses to appear and testify in person at the place of trial or hearing." *See also* R.C.M. 702 (Depositions).

The Confrontation Clause of the Sixth Amendment places additional limitations on the use of depositions. In this regard, *United States v. Vanderwier*, 25 M.J. 263 (C.M.A.1987), sets the standards and the methodology of analysis for us. In order for a deposition to be used at trial, the witness must be "unavailable" both in terms of the hearsay prohibition of Military Rule of Evidence 804(b)(1) and in terms of the Confrontation Clause of the Sixth Amendment. *Id.* at 265. A witness is not "unavailable" in terms of the Sixth Amendment "unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Id., citing Barber v. Page*, 390 U.S. 719, 724–25, 88 S.Ct. 1318, 1321–22, 20 L.Ed.2d 255 (1968) and *Ohio v. Roberts*, 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980). The government must exhaust every reasonable means to secure the witness' live testimony. *United States v. Ortiz*, 35 M.J. 391 (C.M.A.1992); *United States v. Burns*, 27 M.J. 92, 97 (C.M.A.1988).

In determining whether to admit a deposition when a witness is temporarily unavailable, the military judge "should consider all the circumstances," including:

> the importance of the testimony, the amount of delay necessary to obtain the in-court testimony, the trustworthiness of the

---

**3.** No one specifically cited the exact distance between Brunssum and Vilseck, but a travel time of eight hours was given. We judicially note that the distance is well over one hundred miles. The "hundred-mile" rule is contained in Article 49(d)(1), UCMJ.

alternative to live testimony, the nature and extent of earlier cross-examination, the prompt administration of justice, and any special circumstances militating for or against delay.

*Vanderwier*, 25 M.J. at 266, *quoting United States v. Cokeley*, 22 M.J. 225, 229 (C.M.A. 1986). Our standard for review of a military judge's determination of unavailability of a witness is abuse of discretion. *Vanderwier*, 25 M.J. at 266.

### III. Analysis

■ We find that the military judge abused his discretion in declaring SA Garey unavailable. First, the military judge gave several reasons for admitting the deposition, but failed to "articulate any weighing of relevant considerations." *See Id.* Second, we note that the government had apparently expressed its willingness to postpone the trial in order to obtain the presence of the witness, but the military judge rejected the government's offer to delay the trial. Third, the trial was set for Thursday and Friday, 19 and 20 May, and Garey was apparently available on, and after, Friday, 20 May. Fourth, we reject the military judge's stated reason of military judge unavailability; especially here, where the military judge provided no basis for such a determination. Fifth, the "hundred-mile" rule of Article 49(d)(1), UCMJ, is not an acceptable excuse when it comes to military witnesses. *See Vanderwier*, 25 M.J. at 266 and *United States v. Davis*, 19 U.S.C.M.A. 217, 41 C.M.R. 217, 1970 WL 7310 (1970). Sixth, the rescheduling of German witnesses is a routine problem involved in many cases tried in Germany; calling the witnesses out of order could possibly have avoided even that concern.

After considering all the circumstances of this case, we find that there was no compelling reason shown in the record of trial for denying the appellant his right to confront SA Garey at trial. We conclude that the military judge abused his discretion in determining that SA Garey was unavailable and erred in permitting the use of the deposition over the appellant's objection.

■ Having found that the deposition should not have been admitted into evidence over the appellant's objection, we must determine if this error prejudiced the appellant. Reversal is not required if we are able to determine that the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Vanderwier*, 25 M.J. at 267. *See also Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

The deposition was used at three critical points in the trial. The military judge considered the deposition in deciding the motion to suppress; the members considered parts of the deposition in reaching findings; and the members considered those parts and an additional part of the deposition in adjudging a sentence in this case.

■ We find that the erroneous admission of the deposition was harmless beyond a reasonable doubt as to its use on the motion. The testimony of another police officer, who was present at the questioning, was substantially similar to SA Garey's deposed testimony. In addition, the appellant admitted during his testimony on the motion that his statement was voluntary; that most likely his rights were explained to him; and asserted only that he was fatigued and hungry. Other evidence showed that he had eaten and had dozed on the trip from Holland.

On the merits, other witnesses, including the appellant's travelling companion, White, provided overwhelming evidence of the appellant's guilt of possessing marijuana.[4] We find beyond a reasonable doubt that the error had no adverse effect upon the appel-

---

4. After unsuccessfully moving to exclude the deposition, the defense counsel made the best of a bad situation by taking advantage of those parts of the deposition dealing with admissions by the appellant that he used marijuana. The appellant was charged with possession of marijuana with intent to distribute it. The defense counsel did not separately object on the merits to the admissibility of the uncharged misconduct involving marijuana use, and used this particular statement effectively in argument to refute any intent to distribute the marijuana. Thus, the appellant's admissions as related in the deposition, arguably, were helpful in avoiding a conviction for the offense as charged.

lant's conviction for simple possession of marijuana.

At the beginning of the sentencing proceeding, the trial counsel, without objection, read additional portions of the deposition. In the additional portion read to the members, SA Garey related how the appellant admitted:

> ... that he was—he liked to use marijuana, he was a frequent user of marijuana. I asked him about the Unit Urinalysis Program as to: Was he not afraid of that, and he gave the indication to me that he had that wired—he had that portion, you know, taken care of.

The defense counsel did not specifically object to admission of this additional portion of the deposition. Nor did he object to the members' subsequent questions to sentencing witnesses regarding the appellant's system for beating the urinalysis testing. Nevertheless, we will not apply waiver here because counsel had earlier entered a timely objection to the entire deposition.

We cannot say that admission of the above-quoted part of the deposition was harmless beyond a reasonable doubt as to sentencing. First, many of the questions asked by the military judge on behalf of the court members during the sentencing proceeding showed that they were particularly interested in the deposed testimony concerning the appellant's admissions that he may have a way of "beating the system" on urinal-

ysis tests. Second, the trial counsel during his sentencing argument reminded the members that the appellant had earlier admitted he was a "frequent user" despite the appellant's unsworn statement on sentencing that he was only an occasional user.[5] Third, the military judge instructed the members that they could consider these inadmissible matters as aggravation in determining an appropriate sentence for the appellant.[6]

Having found error prejudicial to the appellant during the sentencing proceeding, we must determine a remedy. After reviewing the principles set out in *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), we are confident of our ability to reassess the sentence to purge the effect of the error.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $555.00 pay per month for three months, and reduction to Private E1.

Judge JOHNSTON and Judge MOGRIDGE concur.

---

5. The appellant made an unsworn statement during the sentencing proceeding in which he admitted occasionally using marijuana but minimized his frequency of use.

6. From our reading the record of trial, we have the uncomfortable feeling that during the sentencing proceeding everyone in the courtroom, including the military judge, lost sight of the fact that the appellant was convicted of *possessing* marijuana. The main focus of the sentencing proceeding was on the appellant's frequent *use* of marijuana, on the adverse effects of frequent use, and on the possibility that the appellant had the urinalysis system "wired" in order to hide that use.